IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Antonio Little, Jr., | ) |
| | ) C.A. No.: 0:24-3044-RMG |
| v. | ) |
| | ) **ORDER** |
| Eric McDaniel; Florence County Detention Center, | ) |
| | ) |
| Defendants. | ) |

This matter comes before the Court on a Report and Recommendation (R & R) of the Magistrate Judge recommending that this action, brought by a *pro se* litigant, be summarily dismissed because it is duplicative of another action presenting pending in this Court, *Little v. Eric McDaniel et al.*, C.A. No. 0:22-4288-RMG-PJG (D.S.C.). (Dkt. No. 26). The Magistrate Judge initially raised the issue of the duplicative actions with Defendant, who responded by filing a motion to amend to assert a supervisory liability claim against additional defendants. (Dkt. Nos. 11, 15). The R & R recommends that this case be summarily dismissed and that Plaintiff assert any amendment in the earlier filed case. (Dkt. No. 26 at 2).

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with

this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

Plaintiff has filed objections to the R & R, arguing that although both complaints address the same incident, there are some differences in the two complaints. (Dkt. No. 32). Plaintiff urges the Court to use the relaxed standards afforded *pro se* litigants to allow both cases to proceed. After a careful review of the docket of both cases, the Court finds that the Magistrate Judge has ably addressed the issue and correctly concluded this action should be summarily dismissed and any motion to amend the complaint should be made in the earlier filed case. Consequently, the Court adopts the R & R of the Magistrate Judge (Dkt. No. 26) as the order of the Court. This action is dismissed without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

June 28, 2024
Charleston, South Carolina